```
            UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA     )
                             )
         v.                  )    Crim. No. 11-10331-RGS
                             )
REZWAN FERDAUS               )
    a/k/a DAVE WINFIELD,     )
    a/k/a JON RAMOS,         )
                             )
         Defendant.          )
```

## **PROTECTIVE ORDER**

Upon motion of the government and the assent of the defendant Rezwan Ferdaus (the "defendant" or "Ferdaus"), this Court **ORDERS** pursuant to Rule 16(d)(1), that the defendant and his counsel are hereby bound to the following restrictions with regard to (1) cover names used by the FBI Undercover Employees ("UCEs") and (2) audio and video recordings involving the FBI UCEs, transcripts of these recordings, and any documents that in any way identify the UCEs (hereinafter "sensitive government discovery material"):

    1.   The defendant and his counsel will not publicly disclose the cover names of the FBI UCEs in any pre-trial filing or at any pre-trial hearing (including the detention hearing) in open court.

    2.   The defendant and defendant's counsel will not disseminate sensitive government discovery material to persons not a party to, or involved in, this case.

3.   The defendant will not post or in any way disseminate any of the government discovery materials on the Internet.

4.   The defense counsel will ONLY provide copies of the sensitive government discovery material to those persons employed by defense counsel who are necessary to assist counsel in preparation for trial, and to such persons as the defense counsel deems necessary to further legitimate investigation and preparation of this case.

5.   No person, including the defendant, who receives any sensitive government discovery material subject to this Protective Order shall use such material in any way except to assist counsel for the defendant in the investigation or preparation of this case, and shall not disseminate such material in any way to any other person or entity, except as provided for in this Protective Order.

6.   Prior to making any authorized disclosures under this Protective Order, the defense counsel shall make any person to whom they wish to disclose the sensitive government discovery material aware of this Order and provide them a copy of it.  In addition, prior to making any authorized disclosures under this Protective Order, the defense counsel shall ensure that any person with whom they share the sensitive government discovery material agrees to abide by the terms of this Protective Order.

7.   At the conclusion of this criminal matter, the

defendant and his counsel shall return the sensitive discovery materials to the government.  The defense counsel shall also destroy any derivative contents of such sensitive government discovery materials, <u>i.e.</u>, verbatim excerpts of recordings or transcripts (if any exist), other than attorney work product.

    8.   Any modification of this Protective Order will only be done by order of the Court.

                                        SO ORDERED,

                                        <u>/s/ Timothy S. Hillman</u>
                                        TIMOTHY S. HILLMAN
                                        UNITED STATES MAGISTRATE JUDGE

DATE: October 18, 2011